1  KELLIE M. MURPHY, ESQ. (SBN 189500)
   KRISTEN M. CAPRINO, ESQ. (SBN 306815)
2  JOHNSON SCHACHTER & LEWIS
   A Professional Law Corporation
3  Point West Commerce Centre
   1545 River Park Drive, Suite 204
4  Sacramento, CA 95815
   Telephone: (916) 921-5800
5  Facsimile: (916) 921-0247
   E-mails:  kellie@jsl-law.com / kristen@jsl-law.com
6
   Attorneys for DEFENDANT:
7  LYCÉE FRANCAIS DE SAN FRANCISCO

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  FANNY SABY,                           )   **CASE NO.**
                                          )
12                                        )   **NOTICE OF REMOVAL OF ACTION**
            Plaintiff,                    )   **UNDER 28 U.S.C. § 1441(a) (FEDERAL**
13                                        )   **QUESTION)**
                                          )
14  v.                                    )
                                          )
15  LYCÉE FRANCAIS DE SAN FRANCISCO,       )
    a corporation, and DOES 1 to 20, inclusive, )
16                                        )
                                          )
17          Defendants.                   )   State Ct. Cmplt. Filed: August 12, 2022
                                          )   Removed:              September 21, 2022
18                                        )
                                          )   Trial Date:           None Set
19  _____)

20

21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23          PLEASE TAKE NOTICE that Defendant LYCÉE FRANCAIS DE SAN FRANCISCO

24  ("Lycée") hereby removes to this Court, the state court action described below.

25          1.      On August 12, 2022, an action was commenced in the Superior Court of the State

26  of California in and for the County of San Francisco, entitled *Fanny Saby v. Lycee Francais de*

27  *San Francisco, and Does 1-20 inclusive*, Case No. CGC-22-601232 ("the State Court Action").

28  A true and correct copy of the Complaint in the State Court Action ("Complaint") is included in

*Left margin (vertical text):* JOHNSON SCHACHTER & LEWIS / A PROFESSIONAL LAW CORPORATION / 1545 RIVER PARK DRIVE, SUITE 204 / SACRAMENTO, CA 95815 / TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**Exhibit 1**. Plaintiff purports to assert causes of action in the State Court Action against Lycée for: (1) Breach of Written Employment Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Failure to Pay Wages in Violation of the Labor Code; and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code §17200, et seq.

2.     On August 22, 2022, Lycée was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff of a Case Management Conference, and Alternative Dispute Resolution Information Package. True and correct copies of those documents are attached hereto as **Exhibit 1**. The documents in Exhibit 1 constitute all process, pleadings, and orders served in the State Court Action. This removal is timely, having been accomplished within 30 days of August 22, 2022, the date the State Court Action was first served.

3.     This action is a civil action of which this Court has original jurisdiction because all of Plaintiff's claims fall within the purview of section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which provides that "Suits for violation of contracts between an employer and a labor organization representing employees …may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

4.     Plaintiff worked for Lycée for the period September 1, 2016 to August 31, 2018, when her employment was terminated, pursuant to employment agreements. (Complaint ¶3; Declaration of Cloris Henry ["Henry Decl."], ¶3, Exhibit A.) Throughout that time, Plaintiff's employment with Lycée was covered by, and she was subject to, collective bargaining agreements between Lycée and the Association of the Personnel of the Lycée Francais ("the Association"), which is the exclusive bargaining agent for all employees of Lycée unless specifically excluded by the collective bargaining agreement. (Henry Decl. at ¶¶3-5, Exhibits A & B.)

5.     The employment agreements between Lycee and Plaintiff for the period September 1, 2016 to August 31, 2018 expressly state:

///

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) [FEDERAL QUESTION]

"The Employee Charter between the Personnel Association and the Lycee are incorporated by reference in this Agreement and made a part of it. The Employee warrants that s/he has read the Employee Charter, understands and promises to abide by all its provisions." (Henry Decl., Exhibit A.)

6.       The collective bargaining agreements between Lycée and the Association in effect during the time period September 1, 2016 to August 31, 2018 are "Charte Du Personnel, Personnel Charter, Effective September 1, 2015" ("CBA 1") and "Charte Du Personnel, Personnel Charter, Effective September 1, 2017" ("CBA 2"). (Henry Decl., ¶4-5, Exhibit B.)

7.       In support of her causes of action against Lycee, Plaintiff alleges that her employment agreement provided that Lycee "…would assist her in obtaining any temporary work visa required for work for [Lycee] including an express obligation to pay 'all fees and legal costs for temporary work visas as required to work at the Lycee'." (Complaint ¶¶9, 17.) The language cited by Plaintiff that was allegedly breached by Lycee is a provision of the CBAs. (Henry Decl., Exhibit B [CBA 1, p. 24, Article 8.1.2; CBA 2, p. 25, Article 8.1.2].)  All of the causes of action alleged in the Complaint in the State Court Action are based on the alleged breach of such provision. (Complaint including ¶¶2, 9, 13, 14, 17, 23, 27, 32.)  The CBAs also contain an arbitration procedure. (Henry Decl., Exhibit B [CBA 1, pp. 29-30, Articles 8.9, 8.9.1, 8.9.2; CBA 2, p. 30-31, Articles 8.9, 8.9.1, 8.9.2].)

8.       Under the complete preemption doctrine, once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law and is removable. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "Controversies involving collective-bargaining agreements constitute one such area." *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991) (citing *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).

9.       As recognized by the court in *Burnside v. Kiewitt Pacific Corp.*, 491 F.3d 1053, 1058 (9th Cir. 2007) "[t]he history and preemptive scope of section 301 of the LMRA has been well-chronicled both by the Supreme Court and by our own circuit." The vast body of decisional law recognizes that the preemptive force of section 301 is so powerful as to displace entirely any

state law claim that is either (1) based directly on rights created by a collective bargaining agreement, or (2) substantially dependent on analysis of a collective bargaining agreement. *Caterpillar*, 482 U.S. at 394; *Burnside*, 491 F.2d at 1059; *Beals v. Kiewit Pacific Co., Inc.,* 114 F.3d 892, 894 (9th Cir. 1997); *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 861 (9th Cir. 1987); *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987).

10.     A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441; *Caterpillar,* 482 U.S. at 392. Removal is appropriate if the case falls within the district court's original "federal question" jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1441(c). The presence or absence of federal question jurisdiction that will support removal is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint. *Caterpillar*, 482 U.S. at 393. An exception to the "well-pleaded complaint rule," however, is the "artful pleading" doctrine. Under that rule, a plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his claim or by casting in state law terms a claim that can only be made under federal law. In such circumstances, a court may look beyond the face of a complaint to determine whether the contract claim is in fact a section 301 claim for breach of a collective bargaining agreement, artfully pleaded to avoid federal jurisdiction, and recharacterize the state law claim as one arising under federal law. *Paige,* 826 F.2d at 860-861; *Young,* 830 F.2d at 997. See also *Busey v. P.W. Supermarkets, Inc.,* 368 F. Supp. 2d 1045, 1054 (N.D. Cal. 2005) ("By careful pleading, a plaintiff cannot avoid federal preemption. Federal courts accordingly must recharacterize complaints which omit federal law essential to a claim, or which cast in state law terms a claim that can be made only under federal law.").

11.     Here, Plaintiff has alleged what purportedly are four state law claims arising out of an alleged breach of an employment agreement. The specific term allegedly breached, however, is found in the collective bargaining agreements that governed her employment, which are incorporated by reference into her employment agreements. (Henry Decl., Exhibit B [CBA 1, p. 24, Article 8.1.2; CBA 2, p. 25, Article 8.1.2].) It is clear that all of Plaintiff's state law claims

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1  are based directly on rights created by collective bargaining agreements, *and* dependent on an

2  analysis of collective bargaining agreements, despite the fact that is not directly pled in the

3  Complaint.   Accordingly, Plaintiff's claims are preempted, notwithstanding her artful pleading.

4      12.    Lycée is represented by the law firm of Johnson Schachter & Lewis, a P.L.C., and

5  LFSF has consented to this removal.

6      13.    There are no other defendants named or served in this action from whom joinder

7  is needed.

8

9  Dated:  September 21, 2022                JOHNSON SCHACHTER & LEWIS
                                            A Professional Law Corporation
10

11

12                                          By: /s/ Kellie M. Murphy
                                                KELLIE M. MURPHY
13                                              KRISTEN M. CAPRINO
                                            Attorney for Defendant LYCÉE FRANCAIS DE
14                                          SAN FRANCISCO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

5

EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LYCÉE FRANÇAIS DE SAN FRANCISCO; and Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FANNY SABY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
(El nombre y dirección de la corte es): COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
(Número del Caso):
CGC-22-601232 CGC-22-601232

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Cravens & Associates, Daniel J. Craves, esq., 789 E. Wood Duck Circle, Fresno CA 93730. 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

DATE: 08/15/2022
(Fecha)

Clerk, by **LAURA SIMMONS** , Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Lycee Francais De San Francisco

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☑ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  Daniel J. Cravens (SBN 207859)
   CRAVENS & ASSOCIATES
2  789 East Wood Duck Circle
   Fresno, CA 93730
3  Telephone: 559.421.9380
   Facsimile: 855.273.3797
4

5  Attorneys for Plaintiff Fanny Saby

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**08/12/2022**
Clerk of the Court
BY: LAURA SIMMONS
Deputy Clerk

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                   **IN AND FOR THE COUNTY OF SAN FRANCICO**

8  FANNY SABY,                              Case No.        **CGC-22-601232**

9
                              Plaintiff,    **COMPLAINT AND DEMAND
10                                          FOR A JURY TRIAL**

11  v.
                                            1.  Breach of Written Employment Contract;
12  LYCÉE FRANÇAIS DE SAN FRANCISCO,        2.  Breach of the Covenant of Good Faith and
    a corporation; and DOES 1 through 20,       Fair Dealing;
13  inclusive,                              3.  Failure to Pay Wages in Violation of the
                                                Labor Code;
14                            Defendants.   4.  Unfair Business Practices in Violation of
15                                              Cal. Bus. & Prof. Code §17200, et seq.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Plaintiff FANNY SABY ("Plaintiff") alleges as follows:

2  **I.      INTRODUCTION**

3          1.      This is an action brought by Plaintiff against Defendants LYCÉE FRANÇAIS DE

4  SAN FRANCISCO, and DOES 1-20 (collectively, all Defendants shall be referred to as

   "Defendants").

5          2.      Defendants employed Plaintiff pursuant to a written employment contract for a

6  duration of three years. Defendants breached its employment contract with Plaintiff by breaching

7  its promise to assist Plaintiff to obtain a temporary work visa, by failing to pay wages due under

8  the contract. Plaintiff seeks compensatory damages, penalties, and the cost of suit, including

9  attorneys' fees, for the harm caused to her by this wrongful conduct of Defendants.

10 **II.     PARTIES**

11         3.      Plaintiff is a citizen of France.  Plaintiff worked for Defendants at their campus in

12 San Francisco California from September 1, 2016 to August 31, 2018 when she was terminated

13 by Defendants in breach of her employment contract.

           4.      Plaintiff is informed and believes that Defendant Lycée Français de San Francisco
14
   ("LFSF") is a nonprofit corporations headquartered in San Francisco, California which is
15
   authorized to and has conducted business in the State of California at all times relevant to this
16
   action.

17         5.      Defendants Does 1 through 20 are sued herein under fictitious names pursuant to

18 California Code of Civil Procedure ("CCP") § 474.  These Defendants are in some way liable for

19 the damages sustained by Plaintiff.  Upon information and belief, Does 1 through 20 acted with

20 and on behalf of named Defendants in the alleged violations. Plaintiff does not, at this time, know

   the true names or capacities of said unnamed Defendants, but prays that the same may be inserted
21
   herein when ascertained.
22
           6.      Plaintiff is informed, believes, and thereon alleges that each of the Defendants
23
   designated as a Doe is responsible in some manner for the events and happenings herein, and that
24
   Plaintiff's injuries and damages as hereinafter set forth were proximately caused by said
25
   Defendants.  Plaintiff is informed and believes and thereon alleges that at all times herein
26
   mentioned, each of the Defendants sued herein was the agent and/or employee of each of the
27
   remaining Defendants, and each of them, was at all times acting within the purpose and scope of
28
   such agency and employment.

## III.   JURISDICTION AND VENUE

7.   Jurisdiction and venue are proper because Plaintiff's claims and causes of actions arose in this county and because Defendants do business and/or reside in this county.

## IV.   FACTUAL ALLEGATIONS

### A.   Written Contract of Employment for a Specified Term

8.   In March 10, 2017, Plaintiff entered into a written contract of employment for a three year term commencing on September 1, 2016.

9.   The contract provided that Ms. Saby would work for Defendants as a Primary Teacher and would receive a starting salary of $78,321.00 and full benefits. The contract also provided that Defendants would assist her in obtaining any temporary work visa required for work for Defendants including an express obligation to pay "all fees and legal costs for temporary work visas as required to work at the Lycée".

10.   Plaintiff satisfactorily performed all duties under the contract.

### B.   Wrong Termination and Breach of Contract

11.   Plaintiff was initially employed pursuant to a H1-B visa which expired on September 2018.

12.   On February 28, 2018, Defendants informed Plaintiff that it intended to terminate her employment on August 31, 2018 "due to the fact that [her] current H1-B visa will expire by September 2018."

13.   Plaintiff responded by requesting that Defendants assist her in obtaining an alternate visa as it was required to do pursuant to the terms of the parties' written contract.

14.   Defendant terminated Plaintiff on August 31, 2018 in breach of the written employment contract for a specified duration.

### FIRST CAUSE OF ACTION
#### Breach of Written Contract
(Alleged against all Defendants)

15.   The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

16.   The parties entered into a valid, legally binding written contract of employment for a three year term commencing on September 1, 2016.

17.   The contract provided that Ms. Saby would work for Defendants as a Primary Teacher and would receive a starting salary of $78,321.00 and full benefits. The contract also provided that Defendants would assist her in obtaining any temporary work visa required for work for Defendants including an express obligation to pay "all fees and legal costs for temporary work visas as required to work at the Lycée".

18.   Plaintiff performed all of the duties required under the terms of the Contract by performing her day-to-day employment with Defendants until her termination on August 31, 2018.

19.   Defendants' failure to abide by the terms of the Contract caused Plaintiff to suffer damages, including but not limited loss of income, benefits, and further damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
### (Alleged Against All Defendants)

20.   The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

21.   Defendants and Plaintiff entered into a contract for her employment, whether through the written contract as described above.

22.   Plaintiff performed according to the terms of those contracts by performing her day-to-day employment duties throughout the term of her employment and in exchange, Defendants provided her with monetary compensation and other benefits.

23.   However, Defendants unfairly interfered with Plaintiff's right to receive the proper monetary compensation and other benefits owed to her under the terms of those contracts by failing to assist her in obtaining a work permit and wrongfully terminating her in breach of the written contract.

24.   Defendants' failure to abide by the terms of the Contract caused Plaintiff to suffer damages, including but not limited loss of income, benefits, and further damages in an amount according to proof at trial.

//

//

**THIRD CAUSE OF ACTION**
**Failure to Pay Wages in Violation of the Labor Code**
**(Alleged Against All Defendants)**

25.     The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

26.     Wages are due to the employee twice a month — first between the first and tenth day of the month, then between the sixteenth and twenty-sixth day. California Labor Code § 204(a).

27.     Defendants failed to pay wages due to Defendant under the employment contract. Defendant is informed and believes the amount of wages the she was entitled to receive in excess of $87,000 for 2018 – 2018 school year.

28.     As a result of Defendants' failure to pay all wages owed to Plaintiff under the employment contract for a specified term, she has suffered significant damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Unlawful, Unfair and Fraudulent Business Practices**
**In Violation of Business and Professions Code § 17200, *et seq.***
**(Alleged Against All Defendants)**

29.     The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

30.     Business and Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

31.     Business and Professions Code § 17204 allows "any person acting for the interest of itself, its members or the general public" to prosecute a civil action for violation of the Unfair Business Practices Act.

32.     Beginning at an exact date unknown to Named Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint including but not limited to by failing to provide assistance to Plaintiff as required by contract and by failing to pay wages due under the contract.

33. The violations of the laws described above, as well as of fundamental California public policies protecting employees, serve as unlawful predicate acts and practices for purposes of the Unfair Business Practices Act.

34. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq.

35. The acts and practices described above have allowed Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

36. Business and Professions Code § 17203 provides that a court may make such orders or judgment as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

37. Injunctive relief is necessary and appropriate to prevent Defendatns from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

38. Business and Professions Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

39. Pursuant to Business and Professions Code § 17202, Named Plaintiffs and other similarly situated employees are entitled to enforce all applicable penalty provisions of Business and Professions Code.

40. Named Plaintiffs' success in this action will enforce important rights affecting the public interest. Therefore, Named Plaintiffs sue on behalf of the general public, as well as themselves and other similarly situated employees.

41. Named Plaintiffs take upon themselves enforcement of these laws and prosecution of these lawful claims. There is a financial burden involved in pursing this action. Because this action is seeking to vindicate an important public right, it would be against the interests of justice to penalize Named Plaintiffs by forcing them to pay attorneys' fees from any amount recovered from this action.

42. An award of attorneys' fees is appropriate pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For compensatory damages and such other damages according to proof;
2.  For general damages according to proof, including damages for emotional distress and mental anguish;
3.  For a declaratory judgment that Defendants have violated Business and Professions Code § 17200, *et seq.*, as a result of the aforementioned violations;
4.  For statutory penalties and damages;
5.  For attorneys' fees and costs of suit;
6.  For interest, including prejudgment interest at the legal rate; and
7.  For such other and further relief as the Court may deem proper.

Dated: August 12, 2022                                    CRAVENS & ASSOCIATES

By: _____
    Daniel J. Cravens
    Attorneys for Plaintiff FANNY SABY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel J. Cravens (SBN 207859)<br>CRAVENS & ASSOCIATES, 789 East Wood Duck Circle, Fresno, CA 93730<br>TELEPHONE NO.: 559-472-6584    FAX NO. *(Optional)*: 559-855-273-3797<br>E-MAIL ADDRESS: dcravens@cravensassociates.com<br>ATTORNEY FOR *(Name)*: Fanny Saby | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**08/12/2022**<br>**Clerk of the Court**<br>BY: LAURA SIMMONS<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| CASE NAME: SABY v. LYCÉE FRANÇAIS DE SAN FRANCISCO | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-22-601232 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:
Daniel Cravens

_____            ▶ _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CASE NUMBER: CGC-22-601232  FANNY SABY VS. LYCÉE FRANÇAIS DE SAN FRANCISCO,

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    **JAN 11, 2023**

TIME:    **10:30 am**

PLACE:   **Department 610**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1)  MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3)  ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.<br><br>ATTORNEY FOR (Name)<br><br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br><br>PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER<br><br>**DEPARTMENT 610** |
|---|---|

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____
3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10-18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**PROOF OF SERVICE**

CASE NAME:        **Saby v. Lycée Francais de San Francisco**
CASE NO.:          **CGC-22-601232**

I am employed in the County of Sacramento.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 1545 River Park Drive, Suite 204, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area.  Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date set forth below, I served the following: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

_X_     United States Mail - on all parties in said action by placing a true copy of the above described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

Attorneys for Plaintiff:
Daniel J. Cravens, Esq.
Cravens & Associates
789 East Wood Duck Circle
Fresno, CA  93730
(559) 421-9380
FAX (855) 273-3797
E-mail:  dcravens@CravensAssociates.com

_X_     FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 21, 2022 at Sacramento, California.

_____
MONICA SOTELO

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) [FEDERAL QUESTION]