UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANNY SABY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYCEE FRANCAIS DE SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 22-cv-05385-JSC<br><br>**ORDER: RE MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION**<br><br>Re: Dkt. No. 26 |

Plaintiff Fanny Saby brings this suit against her former employer, Defendant Lycee Francais De San Francisco. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay this matter and compel arbitration under 9 U.S.C. §§ 3, 4. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion to compel arbitration. The matter is stayed pending arbitration.

## DISCUSSION

Plaintiff does not contest the existence, enforceability, or validity of the arbitration agreement here. *See* 9 U.S.C. § 2. Nor does Plaintiff argue her claims fall outside the scope of that agreement. Rather, Plaintiff's sole argument is that Defendant waived its right to compel arbitration through litigation conduct in this Court.

To prevail, "the party asserting waiver must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023)). While Plaintiff shows Defendant knew of its right to arbitrate, Plaintiff fails to prove Defendant committed acts inconsistent with the right to arbitrate.

### A. Knowledge

The first prong is satisfied. Defendant knew of its right to compel arbitration because Defendant twice moved to dismiss this matter previously based on "Plaintiff's failure to exhaust

the contractually mandated procedures set forth in the collective bargaining agreement." (Dkt. Nos. 13-1 at 2; 15-1 at 2.) [1]

### B. Inconsistent Acts

Plaintiff has failed to show, however, that Defendant engaged in "intentional acts inconsistent with that existing right." *Armstrong*, 59 F.4th at 1015. Because there is no "concrete test," for assessing whether Defendant took acts inconsistent with its right to arbitration, "we consider the totality of the parties' actions." *Id.* (quoting *Hill*, 59 F.4th at 471). As the Ninth Circuit explained recently in *Armstrong*:

> We ask whether those actions holistically "indicate a conscious decision . . . to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate." []. Under our precedent, a party generally "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court."

*Id.* (cleaned up). Neither of those circumstances applies here.

#### 1. Defendant did not make an intentional decision against arbitration.

Defendant's motion to compel arbitration is Defendant's *first* responsive filing since Plaintiff filed the seconded amended complaint. Indeed, Defendant never answered the complaint, engaged in discovery, or affirmatively told the Court it would not seek arbitration. *See Martin v. Yasuda*, 829 F.3d 1118, 1122 (9th Cir. 2016) (counsel told the court his client was "better off in the court with the procedures of Rule 23 and discovery…") Thus, unlike in Plaintiff's cited authority, this case is at the pleading stage. *See*, e.g., *Hill*, 59 F.4th at 473 (describing a "six-year appellate journey aimed at judicially resolving the *merits*—the legal heart—of the class members' [] claims"); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.3d 754, 756 (9th Cir. 1988) (finding waiver when party answered complaints, moved to dismiss the action, and did not claim a right to arbitration in any of the pleadings); *Kelly v. Pub. Util. Dist. No. 2*, 552 Fed. Appx. 663, 664 (9th Cir. 2014) (finding this element satisfied when the parties "conducted discovery and litigated

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

motions, including a preliminary injunction and a motion to dismiss"); *Newirth by & through Newirth v. Aegis Senior Communities, LLC,* 931 F.3d 935, 941 (9th Cir. 2019) (defendant moved to compel arbitration, withdrew its motion, refiled its motion, *again* withdrew its motion, moved to dismiss *without* mentioning arbitration, and then reasserted its motion to compel after the district court denied the motion to dismiss). So, given Plaintiff amended the complaint, the record does not reveal an intentional choice to avoid arbitration for the claims in the second amended complaint.

### 2. Defendant did not litigate the merits.

Defendant also did not actively litigate the merits of the case for a prolonged period to take advantage of being in court. *Armstrong*, 59 F.4th at 1015. Critically, Defendant never sought judicial determination as to "the legal heart" of Plaintiff's claims. *Hill*, 59 F.4th at 473. Prior to moving for arbitration, Defendant did move to dismiss with prejudice because (1) the Labor Management Relations Act preempted the claims in the FAC and (2) Plaintiff failed to arbitrate as required under the contract.[2] (Dkt. Nos. 13; 15.) But moving to dismiss for failure to arbitrate is not a request for a merits ruling inconsistent with Defendant's right to compel arbitrate. Rather, failure to exhaust is a procedural issue separate from the underlying merits of Plaintiff's claim. *See United Paperworkers Int'l. Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms *without dealing with the merits of the dispute*."); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986 (9th Cir. 2007) (same).

Plaintiff is correct that—in some cases—moving to dismiss an action *with prejudice* is a request for a "ruling on the merits" inconsistent with the right to compel arbitration. *See Martin*, 829 F.3d at 1126 n.4. But here, unlike in Plaintiff's cited authority, the basis for Defendant's motion to dismiss with prejudice *was the failure to arbitrate itself*—not the "legal heart" of Plaintiff's contractual or statutory claims. *See, e.g., Hill*, 59 F.4th at 473 (defendant litigated a

---

[2] Defendant also filed a case management statement highlighting Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 20.)

summary judgment motion on key merits issue); *Martin*, 829 F.3d at 1126 n.4 (defendant sought judicial determination on "key merits issue" of whether "the Cosmetology Act legally precluded the students from being classified as employees"). Therefore, under the circumstances here, Defendant's request for dismissal with prejudice did not amount to waiver.

* * *

Under the "totality of the circumstances," Defendant did not waive its right to compel arbitration in this matter. *Hill*, 59 F.4th at 480. The full procedural history reveals Defendant's consistent position regarding arbitration. Plaintiff filed suit in state court. Defendant removed on grounds the LMRA preempted Plaintiff's claims and moved to dismiss because Plaintiff failed to arbitrate as required under the contract and the LMRA. Plaintiff amended the complaint before the Court ruled on the issue. Defendant again moved to dismiss *on arbitration grounds*. At the hearing, the Court indicated it agreed with Defendant. Plaintiff filed a second amended complaint, which attempts to avoid LMRA preemption via artful pleading. And Defendant moved to compel arbitration as to those claims.

Taken together, Defendant's actions do not constitute waiver of the right to arbitrate. Defendant was consistent that Plaintiff failed to arbitrate claims, never answered the complaint, never sought discovery, never asked for a determination on substantive merits issues, and moved to compel arbitration as its first responsive pleading to Plaintiff's second amended complaint. In sum, the Court declines to find waiver here.

## CONCLUSION

Defendant's motion to compel arbitration and stay this matter pending resolution of arbitration is GRANTED. By May 17, 2024, Defendant shall file a status update on the arbitration.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 26.

Dated: May 16, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

4